IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,828-01






EX PARTE JOSE MANUEL JUAREZ, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS


CAUSE NO. 1994-CR-1667-A IN THE 107TH JUDICIAL DISTRICT COURT

FROM CAMERON COUNTY



 

 Per curiam.


 O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the offense of
forgery, and punishment was assessed at five (5) years' confinement. No direct appeal was taken.

 Applicant contends that he is eligible for street time credit but has been improperly denied
credit against his sentence for a period of supervised release.

 The trial court has entered an order concluding that the application should be dismissed for
failing to comply with the requirements of Tex. Gov't Code § 501.0081(b)-(c). However, we
disagree. The record reflects that according to the department's computations, Applicant was within
180 days of his presumptive release date when he filed the application. Applicant has alleged facts
that, if true, might entitle him to relief. See Ex parte Keller, 173 S.W.3d 497 (Tex. Crim. App.
2005). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in that it may
order affidavits, depositions, or interrogatories from the appropriate officials of the Texas
Department of Criminal Justice, Correctional Institutions Division and Parole Division, or it may
order a hearing. In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be represented
by counsel, the trial court will then, pursuant to the provisions of Tex. Code Crim. Proc. art. 26.04,
appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact as to
whether Applicant has any prior conviction for an offense that would render him ineligible for street
time credit, and whether on the issuance date of the warrant or summons initiating the revocation
process, the remaining portion of his sentence was greater than the time spent on supervised release. 
The trial court shall also make any further findings of fact and conclusions of law it deems relevant
and appropriate to the disposition of the application for writ of habeas corpus.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits, including the TDCJ-CID and Parole Division affidavits, and interrogatories or the
transcription of the court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days
of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: February 28, 2007

Do not publish